UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANGJI ESQUEL TEXTILE CO. LTD., *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 1:21-cv-01798-RBW |
| GINA M. RAIMONDO, SECRETARY OF COMMERCE, *et al.*, | : |
| Defendants. | : |

**PLAINTIFFS' UNOPPOSED MOTION TO RE-SET HEARING ON
PRELIMINARY INJUNCTION MOTION WITHIN 21 DAYS**

Plaintiffs Changji Esquel Textile Co. Ltd. ("CJE"), Esquel Enterprises Limited, and Esquel Apparel Inc. respectfully request, under LCvR 65.1(d), that the Court re-set a hearing on Plaintiffs' pending motion for a preliminary injunction at its earliest convenience, and ideally during the week of September 13, 2021. In accordance with LCvR 7(m), undersigned counsel have conferred with counsel for Defendants, who take the following position: "Defendants do not oppose setting a hearing, provided the hearing is scheduled for after September 13 to accommodate our schedules."

Good cause exists to set a hearing on Plaintiffs' pending motion for the following reasons:

1. Plaintiffs filed a motion for a preliminary injunction on July 19, 2021 ("Motion"). As explained in the Memorandum of Points and Authorities and Declaration accompanying the Motion, and in the Supplemental Declaration filed on July 23, 2021, *see* ECF Nos. 9, 9-1, 15-1, Plaintiffs continue to suffer irreparable harm as the result of Defendants' inclusion of CJE on the U.S. Entity List. Because of that ongoing irreparable harm, Plaintiffs requested a hearing within 21 days of the filing of their Motion. ECF No. 9, at 1.

1

2. To ensure the expeditious resolution of Plaintiffs' Motion, the Court directed Defendants to file a response by August 3, 2021, permitted Plaintiffs to file a reply by August 4, 2021, and set a hearing via teleconference for August 6, 2021.  *See* Minute Order of July 20, 2021.

3. On July 20, 2021, Defendants moved to vacate that schedule or, in the alternative, extend their deadline to oppose the preliminary injunction.  ECF No. 12.  In their motion, Defendants explained that Plaintiffs had submitted a request for CJE to be removed from the Entity List to the End-User Review Committee, an inter-agency committee charged with making decisions regarding additions to, removals from, or other modifications to the Entity List. Defendants further explained that the Committee would reach a decision on Plaintiffs' request for removal no later than August 1, 2021.  After a teleconference on July 23, 2021, the Court denied Defendants' motion.  *See* Minute Order of July 23, 2021.

4. On July 31, 2021, the Committee decided to remove CJE from the Entity List subject to certain conditions.  Shortly thereafter, counsel for Defendants contacted counsel for Plaintiffs to request their agreement to a 30-day extension of the deadline for Defendants' opposition to Plaintiffs' Motion.  Despite the irreparable harm that Plaintiffs continue to suffer, Plaintiffs agreed to the extension request so that the parties could engage in good-faith discussions regarding the conditions the Committee imposed on CJE's removal from the Entity List and potentially resolve this dispute without further judicial intervention.

5. On August 3, 2021, the parties filed a joint motion to vacate the hearing date and extend Defendants' deadline to oppose the Motion by 30 days, until September 2, 2021.  ECF No. 17.  The joint motion explained that the 30-day extension was warranted because the parties' further discussions may render Defendants' opposition, and Plaintiffs' underlying Motion, unnecessary.  *Id.* at 2.  The Court granted the joint motion, vacated the hearing scheduled for

August 6, 2021, and ordered Defendants to respond to Plaintiffs' Motion by September 2, 2021. *See* Minute Order of August 3, 2021.

6. Unfortunately, despite good-faith efforts by all parties to resolve the underlying dispute, and as explained in further detail in the Declaration of Nnedinma Ifudu Nweke (filed under seal), Defendants have not been able to provide any concrete timeline or assurance of imminent relief from the ongoing irreparable harms Plaintiffs are suffering. *See* Declaration of Nnedinma Ifudu Nweke ¶¶ 7-10. Among other things, counsel for Defendants have acknowledged that several variables could delay fulfillment of the Committee's conditions, and that at least some of those variables are outside the control of the United States government. *Id.* ¶ 9. Defendants have also stated that they are unable to provide provisional relief to Esquel pending satisfaction of the removal conditions the Committee has imposed. *Id.* ¶ 10.

7. Accordingly, in light of the substantial and irreparable harm Plaintiffs continue to suffer, and because Defendants are not able to provide any concrete assurance of imminent relief, good cause exists for the Court to re-set a hearing on Plaintiffs' Motion.

8. Given the pending deadline of September 2, 2021, for Defendants' opposition to the Motion, Plaintiffs intend to file a reply by September 9, 2021, or by whatever date the Court orders. *See* LCvR 7(d). Plaintiffs respectfully request a hearing at the Court's convenience within 21 days from the filing of this Motion, and ideally during the week of September 13, 2021. *See* LCvR 65.1(d).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ James E. Tysse |
| Dated: August 27, 2021 | James E. Tysse |
|  |   D.C. Bar No. 978722 |
|  | Caroline L. Wolverton |
|  |   D.C. Bar No. 496433 |
|  | Akin Gump Strauss Hauer & Feld LLP |
|  | 2001 K Street N.W. |
|  | Washington, D.C. 20006 |
|  | Telephone: (202) 887-4000 |
|  | jtysse@akingump.com |

*Counsel to Plaintiffs Changji Esquel Textile Co. Ltd., Esquel Enterprises Limited, and Esquel Apparel Inc.*