UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHANGJI ESQUEL TEXTILE CO. LTD., *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 1:21-cv-01798-RBW |
| GINA M. RAIMONDO, SECRETARY OF COMMERCE, *et al.*, | : | |
| Defendants. | : | |

**SECOND SUPPLEMENTAL DECLARATION OF MARJORIE YANG**

I, Mun Tak Marjorie YANG ("Marjorie Yang"), declare:

1. I am the Chairman and Chief Executive Officer of the Esquel group of companies ("Esquel").

2. This declaration is based on personal knowledge and information provided to me in my official capacity.

3. Plaintiffs continue to suffer the irreparable harms described in my original and supplemental declarations, filed July 19, 2021 and July 23, 2021, respectively, due to the placement of Changji Esquel Textile Co. Ltd. ("CJE") on the Entity List.

4. The purpose of this declaration is to bring to the Court's attention additional concrete, irreparable harms that Plaintiffs have suffered over the last several months, and that have worsened in the last month. These harms heighten the need for emergency relief.

5. Specifically, for several months, U.S. Customs and Border Protection ("CBP") has targeted, detained, and begun to exclude from entry a large number of shipments from Esquel's factories in China to U.S. customers. Beginning approximately one month ago, however, CBP has begun to detain all shipments not only from China, but from Vietnam as well.

6. Such detentions and exclusions from entry result in significant economic harm. They delay crucial (and often time-sensitive) shipments to customers, and can force Esquel to miss deadlines, with potential contractual ramifications. Detentions and exclusions also harm Esquel's reputation with its customers, who can no longer count on timely entry of Esquel products, and who may believe that Esquel must have done something wrong to invite enhanced CBP scrutiny. The resulting damages are not recoverable from the U.S. government.

7. Until early August 2021, Esquel had experienced detentions of goods shipped only from its garment factories in China. The stated reason was CBP's January 2021 Withhold Release Order (WRO) targeting cotton produced in Xinjiang, China. Esquel had not experienced detentions of goods shipped from garment factories outside of China, such as Vietnam.

8. Esquel is a vertically integrated company, and based on our end-to-end traceability capability and documentation system (adopted by very few companies in the textile and apparel sector), our customers were able to submit extensive documentary proof to CBP demonstrating that their detained shipments from Esquel contain no content whatsoever from Xinjiang. CBP nevertheless has continued to detain the shipments, and has refused to accept documentation proving the inapplicability of the January 2021 WRO. It has also declined to provide any details regarding the deficiencies in documentation.

9. Beginning in early August 2021, several Esquel customers—including two large and established U.S. brands—reported to Esquel that CBP had either detained or flagged for intensive examinations (which, I understand, typically leads to detention) multiple shipments to the U.S. from Esquel's factory in Vietnam. Those shipments total over $1.6 million in value. CBP explained to Esquel's customers that the detentions were subject to a "Withhold Release Order (WRO) against cotton products produced in China's Xinjiang Uyghur Autonomous Region

(XUAR)"—even though the goods were produced in, and shipped from, Esquel's factory in Vietnam, and even though the goods include no cotton fibers or yarn from XUAR or China.

10. I maintain communications with other textile and garment manufacturers, including those who ship goods from Vietnam. To my knowledge, no other manufacturer is facing CBP detentions at the same frequency as Esquel.

11. Under these circumstances, I believe that CBP has added most if not all Esquel factories to its targeting criteria, which essentially results in automatic detention of a large amount of Esquel shipments to U.S. importers. I further believe that CBP has done so based on CJE's status on the Entity List.

12. One of the customers whose shipment was detained in August has paused all production and shipments from Esquel immediately due to the past detentions and uncertainty regarding future shipments, with affected orders amounting to over $2.5 million. The customer is a major U.S. brand and significant customer of Esquel.

13. Another customer—an established brand in the U.S.—has over $10 million worth of products for the upcoming season yet to be shipped or en route to the U.S. I worry that we will lose this customer to our competitors if its shipments continue to be detained.

14. I expect that, in addition to the shipments detained by CBP in August 2021, the $6 million worth of goods currently en route from Esquel's factories in Vietnam and Sri Lanka to the United States are at high risk of being detained.

15. Given my customers' inability to accept orders shipped from any Esquel facility in the world, I am concerned that our remaining customers will either pause their orders from Esquel or simply cease doing business with us.

16.     I fear that as long as CJE remains on the Entity List CBP will continue to detain shipments from Esquel's factories, and that Esquel will permanently lose all U.S. business and U.S. customers.

*****

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of August 2021, in Hong Kong, China.

*[signature]*

Mun Tak Marjorie YANG